IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 25–cv–02568–WJM–MDB

R.Z.,

    Plaintiff,

v.

RK HOSPITALITY, LLC d/b/a TRAVEL LODGE BY WYNDHAM,
MSOIUR RAHMAN d/b/a TRAVEL LODGE BY WYNDHAM,
VALUE INN INC. d/b/a VALUE INN & SUITES,
RILESHKUMAR R. PATEL d/b/a DAYS INN,
HAIDEN LLC d/b/a AMERICA'S BEST VALUE INN,
SONESTA INTERNATIONAL HOTELS CORPORATION,
RED LION HOTELS CORPORATION,
DAYS INN WORLDWIDE, INC.,
WYNDHAM HOTELS & RESORTS, INC.,
ABC CORPORATION 1-100, and
JOHN DOES 1-100,

    Defendants.

## ORDER

Magistrate Judge, Maritza Dominguez Braswell

    This matter is before the Court on Plaintiff's Motion for Order for Substituted Service -- RK Hospitality, LLC. (Doc. No. 61.) Plaintiff asks for permission to attempt substituted service on the now-dissolved Defendant RK Hospitality, LLC, *d/b/a* Travel Lodge by Wyndham, pursuant to Colo. R. Civ. P. 4(f). Upon careful review, the Court **ORDERS** that the Motion is **DENIED without prejudice**.

## BACKGROUND

Plaintiff R.Z.[1] initiated this action on August 15, 2025, against numerous hotels, motels, and franchisors. (*See generally* Doc. No. 1.) She alleges that these Defendants participated in or benefited from a sex trafficking venture of which she was a victim. (*See generally id.*) In August 2025, Plaintiff attempted service on Defendant RK Hospitality, LLC, but inadvertently served an unrelated entity bearing the same name. (Doc. No. 43; Doc. No. 61 at 1.) Thereafter, Plaintiff learned that the intended Defendant LLC had been dissolved. (Doc. No. 61.) In October 2025, Plaintiff made four attempts to effectuate personal service upon Defendant LLC's registered agent at their last known mailing address, to no avail. (Doc. No. 61 at 1-2; Doc. No. 61-1.) Plaintiff now seeks leave to serve RK Hospitality by substituted service on Defendant LLC's registered agent, Rashmi Sabadra Chejara, pursuant to Colo. R. Civ. P. 4(f). (Doc. No. 61 at 2.)

## ANALYSIS

Federal Rule of Civil Procedure 4(e) provides that a plaintiff may serve process on an individual located within the United States by either: (1) "delivering a copy of the summons and of the complaint to the individual personally;" (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Alternatively, service of such an individual may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

In Colorado, the default method of service on a limited liability company is personal service upon its registered agent, members, or managers within the state. Colo. R. Civ. P. 4(e)(4). For proceedings *in personam*, a party "may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service." Colo. R. Civ. P. 4(f). The motion must set forth (1) the efforts made to obtain personal service and the reason why personal service could not be obtained; (2) the identity of the person to whom the party wishes to deliver the

---

[1] Plaintiff was given leave to proceed under a pseudonym for all pretrial matters on September 24, 2025. (Doc. No. 42.)

process; and (3) the address, or the last known address of the workplace and residence, if known, of the party upon whom service is to be effectuated. (*Id.*)

If the motion satisfies these requirements, and if the court determines that due diligence has been used to attempt personal service under Colo. R. Civ. P. 4(e), that further attempts at personal service would be futile, and that the person to whom the party seeks to deliver service is "appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effectuated," the court must then (1) authorize delivery to be made to the person deemed appropriate for service; and (2) order that process be "mailed to the address(es) of the party to be served by substituted service, as set forth in the motion." (*Id.*)

In this case, Defendant LLC was dissolved in 2021 and no longer has any members or managers who may be personally served pursuant to Colo. R. Civ. P. 4(e)(C)-(D). (Doc. No. 61-3.) However, Plaintiff performed a search for Defendant with the Colorado Secretary of State and located Defendant's last known mailing address and registered agent. (Doc. No. 61.) Plaintiff therefore attempted service upon Defendant's former registered agent, Rashmi Sabadra Chejara, at Defendant's last known mailing address, 7048 Cumbre Vista Way, Colorado Springs, CO 80924. (*Id.*) Upon searching ownership records for this address through the El Paso County Tax Assessor, Plaintiff found that Ms. Sabadra Chejara's living trust owns the property. (Doc. No. 61-4.)

Plaintiff's motion included an affidavit by a private process server, which detailed four attempts at personal service upon Ms. Sabadra Chejara at the foregoing address in October 2025. (Doc. No. 61-1.) On one attempt, the process server observed movement and heard voices inside the property but did not receive an answer at the door. (Doc. No. 61 at 5; Doc. No. 61-1 at 1.). The process server searched for the license plate of a Ford truck that was parked in front of the dwelling and found that the truck was registered under a different individual. (Doc. No. 61-1 at 1.) Plaintiff did not indicate whether the truck's owner was affiliated with Defendant LLC. On other service attempts, the process server affixed a note to the door and attempted to speak with neighbors. Plaintiff noted that "efforts to locate an alternative address" for the registered agent were "exhausted" but did not detail these efforts. (*Id.* at 5.)

Based on this record, the Court is not convinced that Plaintiff has exercised due diligence. Persistent attempts to effectuate personal service at every known address suggest due diligence. *See Joy Clarke v. Regions Home Improvement Financing et. al.*, 2025 WL 3496178, at *2 (D. Colo. 2025) (finding due diligence where service was attempted at three different addresses in two states tied to a corporate defendant); *Securities and Exchange Commission v. Cournoyer et al.*, 2025 WL 2401986, at *1 (due diligence was done where Plaintiff attempted to serve sole manager of a corporate defendant at four different work and residential addresses). Plaintiff argues that four service attempts are sufficient to establish due diligence. (Doc. No. 61 at 2.) Although Plaintiff made multiple service attempts, she has not provided any details about her efforts to find additional work or residential addresses for Ms. Sabadra Chejara or any other individual associated with Defendant LLC prior to its dissolution. Plaintiff merely states that these searches were "unsuccessful," which is not sufficient for this Court to determine whether Plaintiff exercised due diligence. (Doc. No. 61 at 5.)

Moreover, all four service attempts took place within a one-week window in October 2025. (Doc. No. 61-1.) Even taking the process server's affidavit into consideration, it is unclear whether personal service was unsuccessful here because Ms. Sabadra Chejara does not reside at the service address; because she happened to be out of town during these service attempts; or because she is evading service. As such, the Court cannot say that Plaintiff has exercised due diligence or that future service attempts at this address (or other addresses connected to Ms. Sabadra Chejara, if they exist) would be unsuccessful. *See Colony Ins. Co. v. Bristlecone Montessori Sch.*, 2021 WL 50893, at *3 (D. Colo. Jan. 5, 2021) (due diligence not demonstrated where Plaintiff provided no allegations that Defendant was evading personal service, rather than simply not at home when service was attempted); *cf. Cournoyer*, 2025 WL 2401986 at *1 (due diligence found where service was attempted across a fifteen-month period with court extensions). The Court therefore finds that the motion does not satisfy the due diligence or futility requirements set forth in Colorado Rule of Civil Procedure 4(f).

Accordingly, it is

**ORDERED** that Plaintiff's Motion for Order for Substituted Service -- RK Hospitality, LLC (Doc. No. 61) is **DENIED WITHOUT PREJUDICE**. It is further

4

**ORDERED** that Plaintiff shall effect service of Defendant RK Hospitality, LLC, by the means required under Colo. R. Civ. P. 4(e). Plaintiff shall provide proof of such service to the Court, or file a renewed Motion for Substitute Service with supporting documentation, on or before **January 30, 2026**.

Dated this 29th of December, 2025,

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge